STRATTON, Appellant, v. SIOUX FALLS TRACTION
SYSTEM, Respondent.

(206 N. W. 466.)

(File No. 5514.    Opinion filed December 18, 1925.)

1.  **Master and Servant—Waiver—Estoppel—Right to Sue Third Person Under Death Statute Not Lost by Compensation Proceeding Against Employer, and Admission of Evidence of Prior Judgment for Compensation Held Prejudicial Error.**
      In view of Rev. Code 1919, Sec. 9446, as amended by Laws 1921, c. 416, where person other than employer is claimed to be liable for death of employee under circumstances making death compensable by employer, right of representative of

8—Vol. 49, S. D.

deceased to sue such third person under death statute (Rev. Code 1919, Secs. 2929-2932), is not lost, under doctrine of election, by prior action by dependents of deceased to recover compensation for his death under section 9458; hence, in administrator's action against third person for death, it was error to receive in evidence, over objection, judgment (appeal from which was pending) in parent's action against deceased's employer under section 9458, and such error was prejudicial, where verdict was for defendant and judgment was received without restrictions as to its consideration by jury.

2.  Death—Infants—Damages—Loss of Probable Future Support Recoverable by Parent.

In action for death of son, the parent is entitled to recover for loss of pecuniary benefits which he may reasonably expect, and he may reasonably expect support in his old age from the moral and legal duty of the son to support his indigent, aged parents, and such expectancy is sufficient pecuniary loss to sustain his right to damages whether the son had prior to death so contributed or whether the parent was then dependent.

3.  Death—Damages—Jury—Pecuniary Loss to Parents Held for Jury.

In death action, pecuniary loss of deceased's parents held for jury.

Appeal from Circuit Court, Minnehaha County; Hon. John T. Medin. Judge.

Action by H. M. Stratton, administrator of the estate of Clarence L. Stratton, deceased, against the Sioux Falls Traction System. From a judgment for defendant, and from an order denying a motion for a new trial, plaintiff appeals. Reversed.

*Parliman & Parliman* and *Cherry & Davenport,* all of Sioux Falls, for Appellant.

*Boyce, Warren & Fairbank,* of Sioux Falls, for Respondent.

(1)  To point one of the opinion, Appellant cited: Dakota Central Telephone Company v. Mitchell Power Company (S. D.), 188 N. W. 751; Van Zandt v. Sweet, 204 Pac. 860; Jacowitz v. Delaware Company, 92 Atl. 947; Day v. Sioux Falls Fruit Co., 177 N. W. 816.

Respondent cited· Barry v. Bay State Street Railway Company, 110 N. E. 1031; Rawlak, v. Hayes, 156 N. W. 464.

(2)  To point two, Appellant cited: Bolinger v. St. P. & D. R. Co., 31 N. W. 856; Rabel v. C. M. & St. P. Ry. Co., 27 N. W. 305; Shaber v. St. P. M. & M. Ry. Co., 9 N. W. 575; Phelps

v. Winona & St. P. Ry. Co., 35 N. W. 273; Epsahl v. Judd, 14 N. W. 575; Clapp v. M. & St. L. Ry. Co., 29 N. W. 340; Hutchins v .St. P. M. Ry. Co., 46 N. W. 79; Sieber v. G. N. Ry. Co., 79 N. W. 95; Tobin v. Bruce (S. D.), 162 N. W. 933; McCook County v. Kammoss et al (S. D.), 64 N. W. 1123.

BURCH, C.  This action is brought under article 1 of chapter 7, R. C. 1919, §§ 2929 to 2932, inclusive, by the administrator of the estate of Clarence Stratton, deceased, to recover of defendant damages for negligently causing the death of the said Clarence Stratton.  Clarence Stratton was instantly killed while driving a truck south on Minnesota avenue at the intersection of said Minnesota avenue with Brookings street in the city of Sioux Falls, S. D., on the 15th of November, 1920, in a collision with a street car belonging to and operated by defendant.  The street car was running east on the said Brookings street, and collided with the truck as it attempted to cross the tracks of defendant company on said Minnesota avenue.  Clarence Stratton left no wife or child, but is survived by his father and stepmother.  The case was tried to a jury, and the jury returned a verdict in favor of the defendant, and from the judgment entered upon such verdict and from the order denying a motion for new trial plaintiff appeals.

The insufficiency of the evidence to support the verdict is not assigned as error, and we need not here set out the evidence concerning negligence and contributory negligence relied on by the parties.

At the time the said Clarence Stratton was killed he was in the employ of the Interstate Fruit Company of Sioux Falls, and driving a truck belonging to said employer  After the accident the father and stepmother, Herbert M. Stratton and Nettie Stratton, brought an action under section 9458, R. C. 1919 (a section of the Workmen's Compensation Act), against the Interstate Fruit Company and the Continental Casualty Company, and recovered a judgment for $1,650.  The defendants appealed from this judgment, and at the time of the trial of the case and until some time in the year 1924 such appeal was pending in this court.  The judgment in the action of Herbert M. Stratton and Nettie Stratton against the Interstate Fruit Company and Continental Casualty Company was offered and received in evidence in this case.

When the judgment was offered, plaintiff objected on the ground that it was incompetent, irrelevant, and immaterial, in no manner curtailing the right of plaintiff to maintain this action, not a defense to any ssue in this case; that the action in which the judgment was obtained is still pending in the Supreme Court; and that the judgment has not been pleaded. Later plaintiff moved to strike out the judgment on similar grounds, which motion was denied and exceptions taken. These objections, together with certain comments of defendant's counsel upon this evidence, form the basis of three assignments of error which will be considered together.

Article 1 of chapter 7, R. C. 1919, is based on Lord Campbell's Act, the first section of which (section 2929) is as follows:

"Whenever the death of a person shall be caused by a wrongful act, neglect or default, and the act, neglect or default is such as would have entitled the party injured to maintain an action and recover damages in respect thereto, if death had not ensued, then and in every such case, the corporation which, or the person who, would have been liable, if death had not ensued, or the administrator or executor of the estate of such person as such administrator or executor, shall be liable to an action for damages, notwithstanding the death of the person injured, and although the death shall have been caused under such circumstances as amount in law to a felony; and when the action is against such administrator or executor, the damages recovered shall be a valid claim against the estate of such deceased person."

The beneficiaries named in section 2931 of the act are the "wife or husband and children," or, if there be neither of them, the "parents and next of kin" of the deceased. If an action be brought, it must be in the name of the personal representative of the deceased person, and the damages recoverable, limited to what the jury may think, "proportionate to the pecuniary injury resulting from such death to the persons respectively for whose benefit such action shall be brought," not exceeding $10,000.

In the case of Rowe v. Richards, 32 S. D. 66, 142 N. W. 664, L. R. A. 1915E, 1069, we held that an action for damages under these sections was purely statutory, and could be maintained only by virtue of the statute, in the name of the personal representative of the deceased, for the benefit of the beneficiaries, and could not

be brought by the beneficiary in her own name. If defendant is liable at all, it is under article 1, § 7, to the beneficiaries named in said act, with damages limited to the pecuniary loss to such beneficiaries, not exceeding $10,000.

[1]    Section 9458, R. C. 1919, provides for the payment of compensation by an employer for an injury to an employee resulting in death, the compensation to be paid to the widow, child, or children, whom the employee was under legal obligation to support at the time of his injury. If there are no such beneficiaries, then the compensation is to be paid to any parent, grandparent, brothers, or sisters who were dependent upon the employee for support at the time of the accident. The amount of compensation is dependent upon certain provisions of said section. The liability under this section is a liabilty of an employer to an employee and not dependent upon neglgence or wrongful act on the part of the employer. It is a contractual liability, existing only in favor of or against those voluntarily operating under the Workmen's Compensation Act. The judgment introduced in this case was obtained under and by virtue of the said section. The beneficiaries under the Workmen's Compensation Act are not identical with those under the act providing a liability for the wrongful death of another, since the parent under the Workmen's Compensation Act must be dependent upon the employee for support at the time of the accident, while dependency is not essential under the other act. Section 9446, another section of the Workmen's Compensation Act, as amended by chapter 416, S. L. 1921, is as follows:

"Whenever an injury for which compensation is payable under this article shall have been sustained under circumstances creating in some other person than the employer a legal liability to pay damages in respect thereto, the injured employee may at his option either claim compensation or proceed at law against such other person to recover damages, or proceed against both the employer and such other person, but he shall not collect from both, and if compensation is awarded under this article, the employer having paid the compensation or having become liable therefor may collect in his own name, or that of the injured employee, or his personal representative, if deceased, from the other person against whom legal liability for damage exists the amount of such

liability and shall hold for the benefit of the injured employee or his personal representative, if deceased, the amount of damages collected in excess of the amount of compensation paid such employee or his representative, plus the necessary and reasonable expense of collecting the same."

This amendment was not in force at the time of the accident, but was in force at the time of the trial of this action. Dakota Central Telephone Co. v. Mitchell Power Co., 45 S. D. 462, 188 N. W. 750.

By the foregoing act, if the employer who is not guilty of wrongfully causing the death of his employee pays the compensation required to be paid by him under the Workmen's Compensation Act, he is entitled to bring the action, either in his own name or the name of the personal representative of the deceased employee against the wrongdoer. But the action the employer brings must be brought under article 1, chapter 7, subject to its limitations and for the beneficiaries therein named, with the right of the employer to recoup for his payments and expenses. No new or different liability is created against the wrongdoer. His liability and defenses remain the same, and the action against him is under the wrongful death statute. Therefore the effect of chapter 416, S. L. 1921, is to provide another party who may legally commence the action under the wrongful death statute. It is contended by the defendant that, because the last-mentioned section provides that the employee "may at his option either claim compensation (under the Workmen's Compensation Act) or proceed at law (under the wrongful death statute) against such other person to recover damages, but he shall not collect from both," this precludes the right to bring this action after having proceded against the employer, and that, when a judgment has been obtained against the employer, the employer only can maintain the action, or, if the personal representative maintains the action, that it is necessarily for the benefit of the employer. It may be true that a recovery by the personal representative would release the employer from the necessity of paying the judgment against him, or, if it had been paid, might entitle him to be reimbursed. Still the action is against the wrongdoer for the benefit of the beneficiary. The defendant is not concerned with the distribution of the money which may be obtained from him. No

new defenses are opened to him because the deceased happens to be an employee. The amount of recovery and the issues are no different as far as the third party is concerned where the deceased was an employee and where he was not. It is further contended by defendant that, inasmuch as the said section 9446 provides that an action may be brought against either the employer or the third party at the option of the injured employee, the word "option" necessarily implies an election, and that the employer having been sued, an election was made, and a suit could not be maintained against the third party thereafter. The statute gives the option to the injured employee, and expressly provides that he may sue both. If we are asked to construe the option to apply as well to the beneficiary under the wrongful death statute, it should be noted that section 9446 does not give the right of action to the beneficiary. His rights against the employer are fixed by section 9458 and against the wrongdoer by sections 2929 to 2931. The beneficiary may be paid in full under the Workmen's Compensation Act, yet his employer may recover for him more in a suit against the wrongdoer. This precludes an election of remedies. Reading the several sections together, we conclude that the Worwmen's Compensation Law is intended to fix the rights and liabilities of employer and employee, leaving unaffected the liabilities created under the wrongful death statute, where the defendant is not an employer of the deceased. What effect the several sections of the Workmen's Compensation Act have on the liability of the employer under the wrongful death statute we do not decide. The court erred in receiving the judgment in evidence over the objection of plaintiff, and it remains to be determined if such error was prejudicial.

[2, 3] There is some contention on the part of the defendant that the father had no pecuniary interest in the life of the deceased, as it was not shown that he was dependent upon the son for support. The evidence shows the son paid money amounting to about $40 a month to his stepmother, who used it in supplying the needs of the family, but she testified that this was no more than his board and room was reasonably worth. Under the holding in the case of Bottum v. Kamen, 43 S. D. 498, 180 N. W. 948, the parent is entitled to recover for the loss of pecuniary benefits which he may reasonably expect, and he may reasonably expect

support in his old age from the moral and legal duty of the son to support his indigent, aged parents, and such expectancy is a sufficient pecuniary loss to sustain his right to damages, whether the son had or not, prior to death, so contributed, or whether or not the parent at that time was dependent. The evidence as to pecuniary loss was sufficient to warrant a submission of the question to the jury. The issues of negligence, contributory negligence, and amount of pecuniary loss were issues for the jury's consideration, and ought to have been submitted without confusing incompetent evidence. The judgment as evidence was received without restrictions, and the jury were not limited in any way in considering it. The jury may have thought a double recovery for the same injury was being sought. The record discloses that considerable argument of defendant's counsel was directed to the effect of the judgment as a double recovery, or, if not a double recovery for the same wrong, then a recovery for the judgment debtors in the former action. The judgment figured so prominently in the trial of the case that we think it influenced the jury to the prejudice of plaintiff's rights, and its admission was prejudicial error.

The judgment and order overruling the motion for new trial are reversed.

Note.—Reported in 206 N. W. 466. See, Headnote (1), American Key-Numbered Digest, Master and Servant, Key-No. 354, Workmen's Compensation Act, 39 C. J. Sec. 168 (Anno); (2) Death, Key-No. 87, 17 C. J. Secs. 188, 202; (3) Death, Key-No. 103(4), 17 C. J. Sec. 181.