WALTERS, Respondent, v. GILHAM et ux, Appellants.

(216 N. W. 854.)

(File No. 6171. Opinion filed December 20, 1927.)

E. E. Sullivan, of Sioux Falls, for Appellants.
Mundt & Mundt, of Sioux Falls, for Respondent.

CAMPBELL, P. J.   Plaintiff brought this action for damages to his automobile in the amount of $52.05 suffered in a collision claimed to have been due to the negligence of the defendant Mrs. H. A. Gilham.   Defendant Mrs. H. A. Gilham answered, admitting the collision, but counterclaimed upon the ground that it was the fault of plaintiff and asked the sum of $45 for damages to her car in the collision.   The case was tried to a jury, who returned a verdict in favor of the plaintiff for damages in the amount of $1.04.   Thereupon the plaintiff moved the trial court to amend and correct the verdict by changing the amount of damages therein found from $1.04 to $52.50, plus interest.   This motion was duly brought on for hearing, and pursuant thereto the learned trial judge did so amend the verdict by the making of the following order:

"And the plaintiff having made a motion to the court asking that the verdict in the above-entitled matter be corrected according to the undisputed evidence and the specific instructions of the court, and it appearing that the amount of damages asked for by the plaintiff was in the sum of $52.50 and that said amount of damages was undisputed at the trial of the aforesaid case, and it further appearing that the defendants H. A. Gilham and Mrs. H. A. Gilham have put in a counterclaim for damages against the plaintiff in the sum of $45, and it appearing further that the court having instructed the jury that if they found for the plaintiff they

must find for the plaintiff in the sum of $52.50, together with interest thereon at the rate of 7 per cent from and after April 1, 1925, and that if they found for the defendants H. A. Gilham and Mrs. H. A. Gilham they must find for the defendants in the sum of $45, together with interest from the aforesaid date at 7 per cent, and it further appearing and the court being fully advised that there was no dispute in the amount of damages, that it was conceded that said damages were the damages suffered, and it further appearing that the court instructed the jury that the only question for them to determine was who was negligent, liable and responsible for the accident, it further appearing that the verdict in the matter was virtually a special verdict on the question of negligence, and the jury having found for the plaintiff on said issue, it appears that the jury misapprehended the instructions of the court or misunderstood the same or disregarded the instructions of the court. Now, therefore, it is hereby ordered and directed that the verdict in the above-entitled matter for the plaintiff upon all the issues and against the defendants H. A. Gilham and Mrs. H. A. Gilham be corrected in accordance with the instructions of the court given in said matter to read with reference to the amount: 'In the sum of $52.50, together with interest at the rate of 7 per cent from and after April 1, 1925, to September 24, 1925, in the sum of $1.75, making a total verdict for the plaintiff in the sum of $53.80.'

"Dated this 3d day of October, A. D. 1925.

"By the Court:

"Ransom L. Gibbs, Judge."

Upon the verdict as so amended judgment was entered for plaintiff in the amount of $53.80 damages, together with costs from which judgment and the order denying their motion for new trial defendants have appealed, raising by apt assignments of error the question of the power of the court to make and enter its order of October 3d amending the verdict.

Granting that the trial court may properly have instructed the jury if they found for respondent in any amount to assess the damages at $52.05, and granting further that the verdict of the jury was in utter and willful disregard of the instructions, yet it was the verdict of the jury. Perhaps the trial court might have refused to receive it and ordered the jury to go back and

find a verdict in accordance with the instructions. Certainly if such a verdict was returned the trial court could of its own motion immediately grant a new trial under section 2558, Code 1919. In this case there was no question of amending any formal, clerical, or mathematical error in the verdict whereby it should conform to the real intention of the jury, and there was no showing that the jury ever intended to bring in any other or different verdict than the one they actually brought in. The instructions of the court to the jury are not set out in the briefs, and there is nothing before us upon which we can determine that the verdict returned by the jury was in fact necessarily in disregard of the instructions. In the case at bar each party sought to recover damage suffered in a collision upon the theory that the collision was caused by the negligence of the other. It is entirely possible that the jury thought there was a modicum of truth in the contention of each party but that the entire truth was not alleged by either. They may perfectly well have been of the opinion that each party was negligent to such a degree that he should not recover from the other, and a verdict for plaintiff in a nominal amount may very well have been the method adopted by the jury to announce such a conclusion. Nothing is presented to us by which we are able to say that such a verdict was improper in this case or that it was in fact contrary to the court's instructions.

The learned trial judge by his order of October 3d in effect substituted his verdict for the verdict of the jury. This he had no right or authority to do. If the record in the entire case were such that the trial court would have been justified in the first instance in directing a verdict for respondent in the amount of $52.05, doubtless the entry of the order of October 3d would not have been prejudicial to the appellants however erroneous it may have been. See Schweitzer v. Connor, 57 Wis. 177, 14 N. W. 922.

No statement of the evidence is set out in the briefs on this appeal, so we are unable to say from an examination thereof whether a directed verdict for respondent in the amount prayed for in his complaint would have been proper in the first instance, and we are not able to indulge such a presumption in view of the fact that it affirmatively appears that the order of October 3d was not made upon any such theory. From the fact of submission to the jury and from the recitals of the order of October 3d, it ap-

pears that there was in this case a question for the jury "to determine who was negligent, liable, and responsible for the accident." There being apparently a jury question in the case, we cannot say it was error without prejudice for the learned trial judge to substitute his verdict for that of the jury under the guise of amending or correcting the verdict, there being no showing whatever that the jury intended to return a verdict in any respect different from the one they did in fact return.

The judgment and order appealed from are reversed and the cause remanded, with directions to enter judgment pursuant to the actual verdict of the jury.

POLLEY, SHERWOOD, BURCH, and BROWN, JJ., concur.