WESTERN SURETY COMPANY, Respondent, v.
ADDY, Appellant

(42 N. W.2d 660)

(File No. 9120. Opinion filed May 8, 1950)

**T. R. Johnson, C. J. Delbridge,** Sioux Falls, **Charles H. McCay,** Salem, for Defendant and Appellant.

**Tom Kirby, Blaine Simons, J. Gene Mc Donnell,** Sioux Falls, for Plaintiff and Respondent.

HAYES, P. J. This action was instituted by plaintiff insurance company to recover damages for the wrongful death of Cyrus G. Graham resulting from a collision between two trucks, one being operated by deceased and the other by defendant. The plaintiff company carried workmen's compensation insurance for Graham's employer. Before bringing this suit plaintiff assumed full liability for an award of $5200 under the Workmen's Compensation Law to deceased's widow and minor daughter. Alleging negligence on defendant's part plaintiff's complaint avers the loss sustained by it as well as the damages suffered by the family of the deceased, including mental anguish and impairment of Mrs. Graham's health, all declared to have resulted from such wrongful death. Plaintiff pleaded speci-

fically the payment of $180.00 as compensation and that it would "continue payments at the rate of Forty-five Dollars ($45.00) every two weeks." Defendant appeals from a verdict and judgment in favor of plaintiff and from an order denying his application for a new trial. His assignments of error raise three questions which we discuss in the order here presented in the briefs of counsel.

The first point argued relates to the form of a question put by plaintiff's counsel to a prospective juror on voir dire examination and in the presence of the other members of the jury panel. It is asserted that the question was so framed as to suggest in open court that defendant carried protection in the form of liability insurance and that an insurance company rather than the defendant would be required to pay such verdict as the jury might return. The exact wording of the question as put by plaintiff's counsel is not set forth in the trial transcript or elsewhere in the settled record. The trial judge, prior to the beginning of the voir dire examinations, had approved a suggestion by defendant's counsel, without the hearing of members of the jury panel, respecting the manner of questioning prospective jurors so as to avoid disclosure of the matter of insurance coverage, if any. It was in such suggestion pointed out that whether or not defendant was covered by liability insurance at the time of the collision was a question then pending before this court on appeal from a declaratory judgment determining that such coverage was in force and effect when the collision occurred. Subsequent to the trial of the instant case the opinion and judgment of this court was handed down wherein the ruling of the trial court in the action for a declaratory judgment was reversed. Sunshine Mutual Insurance Co. v. Addy et al., 73 S.D.—, 38 N.W.2d 406. Defendant's counsel now insist that the opinion in the cited case confirms their view at the time of the trial that prejudicial error was committed for which defendant should be granted a new trial. They rely also upon the recent opinion of this court in Schuetzle v. Nash-Finch Co., 73 S.D.—, 38 N.W.2d 137.

As already pointed out, the issue of insurance coverage was being litigated when trial of the instant case began.

At the time of the suggestion of defendant's counsel, adverted to above, plaintiff's attorney asserted the right of plaintiff to learn upon voir dire examination whether prospective jurors or any of them were interested in the insurance company, a local concern with its officers and employees all living in Sioux Falls, and to determine also whether the verdict of jurors being selected would likely be influenced by reason of the relationship between such jurors and persons connected with the insurance company. Plaintiff contends that the question which met objection was so framed as to be permissible under the decision in Morton v. Holscher, 60 S.D. 50, 243 N.W. 89. The record is such as to make it fairly apparent that this contention is correct.

■ We think that at the time of the trial of this case plaintiff's counsel were justified in relying upon the decision of the trial court in the suit for a declaratory judgment and that the assumption on their part of existing insurance coverage for defendant's alleged liability was altogether proper. We think too that the record before us negatives any bad faith on the part of plaintiff's counsel in their attempted manner of examining prospective jurors. As we view the matter the good faith of plaintiff's counsel in the interrogation of prospective jurors relative to their connection with or interest in an insurance company, in the light of the facts made known to the court, is made manifest by the record. Accordingly, we find here no departure from the rule again announced in Schuetzle v. Nash-Finch Co., supra, and conclude that the point urged is not well taken.

■ In arriving at the announced conclusion we have not overlooked the charge that plaintiff's counsel departed from the manner of examining members of the jury panel as determined by the trial judge before such examining began. Assuming a departure from that course and manner of examination as previously adopted by the court, we think it would then rest with the court, as a matter of discretion, to determine the advisability of excusing from service in that case members of the jury panel then in attendance and ordering another panel from which to select the jury.

We next consider the second point raised by defendant whereby he contends that the trial court erred in instructing the jury that "you may give such damages, not exceeding $10,000.00, as you find proportionate to all injury resulting from the death of said Cyrus G. Graham to his wife and his minor child, and in that connection you may take into consideration in fixing the amount of damages, any mental suffering, loss of companionship, and loss of money for support and maintenance" sustained by the widow and minor daughter. It is argued that although SDC 37.2203, relating to the measure of damages for wrongful death, is amended by Ch. 173, S.L. 1947, so as to allow a recovery of damages, not exceeding $10,000, "proportionate to all injury resulting from such death", the language of the amending act, SDC 64.0301 has not been amended and is controlling; that under the latter section the insurer may recover only for an injury for which compensation is payable, i. e., a pecuniary injury, and that damages for mental suffering or loss of companionship are not recoverable under the terms of said section 64.0301. We find no merit in this argument.

That part of the last numbered section of our code regarded by defendant as aid to his position provides as follows: "Whenever an injury for which compensation is payable under this title shall have been sustained under circumstances creating in some other person than the employer a legal liability to pay damages in respect thereto, the injured employee may at his option either claim compensation or proceed at law against such other person to recover damages or proceed against both the employer and such other person, but he shall not collect from both". Our reading of these provisions satisfies us that they have no possible application to an action brought by an employer or his insurer. The same relate solely to the rights of an injured employee who may have both a claim for compensation from his employer and a right of action against a person other than his employer due to the circumstances under which he suffered the injury. With such rights we are not at all here concerned.

The briefs of both parties point to the recent opinion in Simons v. Kidd, 73 S.D.—, 38 N.W.2d 883, 886. It

is therein declared: "The only effect of the amendment to SDC 37.2203 is to enlarge the measure of damages which the next of kin may recover by removing the 'pecuniary' limitation." This action being in part for the benefit of the widow and minor daughter and to recover in their behalf for injuries resulting to them from the wrongful death occasioned by defendant's negligence, we think the measure of damages is now declared in Ch. 173, S.L. 1947, and we find no error in the court's instruction. No question is here presented respecting the sufficiency of the evidence to prove the losses mentioned in the instruction. We are not unmindful of the authorities supporting the texts in 25 C.J.S., Death, § 95 et seq., and 16 Am.Jur., Death, § 176 et seq., and the exhaustive annotation found in 74 A.L.R. 11. Although the act of the legislature of 1947 is a decided departure from the prior law, the rule long and generally prevailing in this country and elsewhere, we are nonetheless bound thereby and must give effect to the obvious intention of our lawmaking body. Under this act mental suffering and loss of companionship are injuries visited upon the widow and minor child of Cyrus G. Graham as results of his wrongful death and for such injuries the law now grants a right of recovery in their behalf.

As support for the contention that plaintiff company may not maintain this action under SDC 37.22 appellant cites Barwin v. Independent School, 61 S.D. 275, 248 N.W. 257; Benson v. Sioux Falls Medical & Surgical Clinic, 62 S.D. 324, 252 N.W. 864; Stratton v. Sioux Falls Traction System, 49 S.D. 113, 206 N.W. 466 and SDC 64.0301, formerly Ch. 416, S.L. 1921. The cited section in part provides as follows: "* * * and if compensation is awarded under this title, the employer having paid the compensation, or having become liable therefor, may collect in his own name or that of the injured employee, or his personal representative, if deceased, from the other person against whom legal liability for damage exists, the amount of such liability and shall hold for the benefit of the injured employee or his personal representative, if deceased, the amount of damages collected in excess of the amount of compensation paid such employee or his representative, plus the necessary and

reasonable expense of collecting the same." Referring to the quoted portion of the statute, it is in the Stratton case declared [49 S.D. 113, 206 N.W. 467]: "Therefore the effect of chapter 416, S.L., 1921, is to provide another party who may legally commence the action under the wrongful death statute." Further: "The beneficiary may be paid in full under the Workmen's Compensation Act, yet his employer may recover for him more in a suit against the wrongdoer." Our review of the Barwin and Benson cases, supra, leads us to no solution of the question whether or not an insurer who has paid or become liable for an award for death under the compensation law may sue a wrongdoer for the damages flowing from the latter's tort.

■ ■ Plaintiff argues that the term "employer", defined by SDC 64.0102 as including the insurer if the employer is insured, should be construed and regarded as authorizing suit in this instance in the name of the insurer. We agree with this position. As pointed out above, the plaintiff insurance company has assumed the full liability of the employer under the compensation law. We think it should be held to follow that plaintiff succeeded to the rights of the employer, including the right to sue as vested in the latter by the provisions of said section 64.0301, and became the real party in interest in its own behalf and for the benefit of those to whom recovery is allowed by the personal representative of deceased. Under the plain provisions of our law it is contemplated that damages recovered from the wrongdoer in excess of the amount of compensation paid shall, by the employer or by the insurer if the employer is insured, be surrendered to such personal representative. We think that to rule that the insurer cannot maintain the action under circumstances as here established would result in a sacrifice of substance for form and would nullify the manifest effect of the definition expressive of the legislative intent. As has been so often said: "In either event the third person is legally liable for the full amount of damages caused by his negligence or wrong. He is concerned only as to whom the amount of recovery is to be paid and that whatever judgment is rendered is a bar to any further recovery against him." In this instance a recovery

by the employer's insurer in its own right and for the benefit of the personal representative of the deceased, the latter being the only party authorized to sue for wrongful death except for the provisions of the Workmen's Compensation Law, would beyond question raise a bar against any further recovery from defendant.

We can foresee no beneficial result should we here undertake a review of the numerous decisions of other jurisdictions on the question of practice and procedure under statutes somewhat similar to or vastly different from our code provisions. The varying views are reflected in 58 Am.Jur., Workmen's Compensation, § 63, and the annotations therein referred to. With due regard for the particular provisions of our code here applicable we conclude that no prejudicial error resulted from the ruling of the trial court disallowing defendant's objection to suit by the insurer.

The jury returned a verdict against defendant in the sum of $6975. Arguing questions and possibilities of the future, of concern only as between the insurer and the survivors of deceased, defendant contends that a recovery on the part of the insurer in a sum greater than the amount which the insurer may be called upon to pay to the widow and minor daughter of deceased, by reason of its assumed liability, would be excessive. Although we have upheld a right of action by the insurer in this instance we do not imply therewith a right on the part of the insurer to retain any "damages collected in excess of the amount of compensation **paid**", the language of the statute. Just what part of the judgment, if paid, the insurer should hand over to the personal representative of deceased is a question now requiring no decision here.

Finding no error with respect to assignments and points briefed and argued we affirm the judgment and order denying a new trial.

RUDOLPH, SMITH and SICKEL, JJ., concur.

ROBERTS, J., concurs in result.