LANNING, Appellant v. SCHULTE, Respondent

(149 N.W.2d 765)

(File No. 10326. Opinion filed April 6, 1967)

---

**Brady, Kabeiseman & Light** and **C. E. Light,** Yankton, for plaintiff and appellant.

**Morgan & Fuller, J. L. Morgan,** Mitchell, for defendant and respondent.

HOMEYER, Presiding Judge.

This is an action for wrongful death pursuant to Chapter 37.22 of the 1960 Supplement to the South Dakota Code of 1939, as amended. The decedent is a five year old twin boy who was fatally injured in an automobile-pedestrian accident on the streets of Yankton on March 15, 1965, and died five days later. The action was brought for the benefit of his parents and next of kin. A jury returned a verdict for the plaintiff upon all of the issues and awarded damages in the sum of $2,000. Plaintiff made a motion for new trial upon the ground that the verdict was grossly inadequate and contrary to the evidence. The motion was denied and plaintiff appeals.

The single question presented is whether the trial court erred when it denied appellant's application for a new trial be-

cause of an inadequate award of damages. Such question is reviewable by considering the sufficiency of the evidence to justify the verdict. Hanisch v. Body, 77 S.D. 265, 90 N.W.2d 924.

■ ■ Since the Hanisch decision it is clear that this court can and will reverse a trial court's affirmance of a jury award by denying a new trial if and when it appears that such award is inadequate and disproportionate to the injury sustained. The ambit of that decision does not exclude an award of damages in wrongful death cases. As part of the foundation for that decision, the court referred to statements in Tufty v. Sioux Transit Co., 70 S.D. 352, 17 N.W.2d 700, where under the pecuniary injury measure an award of $7,000 to parents of a five year old child was approved and Simons v. Kidd, 73 S.D. 306, 42 N.W.2d 307, 309, where with liability admitted parents of a 26 year old daughter were allowed no damages under the all injury standard.

Prior to 1947 recovery in wrongful death actions was limited to pecuniary injury under the statutes of this state and the decisions of this court. In that year the legislature struck the word "pecuniary" from the statute and substituted the word "all" and the governing statute, SDC 1960 Supp. 37.2203, as amended by Ch. 235, Laws of 1963, now reads:

> "Every action for wrongful death shall be for the exclusive benefit of the wife or husband and children, or if there be neither of them, then of the parents and next of kin of the person whose death shall be so caused; and it shall be brought in the name of the executor or regular or special administrator of the deceased person; and in every such action the jury may give such damages not exceeding in any case thirty thousand dollars as they may think proportionate to all injury resulting from such death to the persons respectively for whose benefit such action shall be brought."

Commenting on this change, we said in Western Surety Company v. Addy, 73 S.D. 322, 42 N.W.2d 660:

> "Although the act of the legislature of 1947 is a decided departure from the prior law, the rule long and generally

prevailing in this country and elsewhere, we are none-theless bound thereby and must give effect to the obvious intention of our lawmaking body. Under this act mental suffering and loss of companionship are injuries * * * as results of his wrongful death and for such injuries the law now grants a right of recovery in their behalf."

Under the pecuniary loss rule in effect before the 1947 amendment, a distinction was recognized in wrongful death cases depending on whether the deceased was a minor or an adult child. Hodkinson v. Parker, 70 S.D. 272, 16 N.W.2d 924:

"In case of the wrongful death of a minor child the law presumes that the parents suffer a pecuniary loss between the time of death and the age of majority. To that extent the probability of future benefits to the parents may be inferred by the jury from the relationship and the right of the parents to the earnings of the child, and no specific evidence of such pecuniary loss is necessary to entitle the parents to recover substantial damages therefor. * * * The presumption referred to above does not apply to the claims of parents for losses probably incurred during the majority of the child. To recover substantial damages for those losses the plaintiff has the burden of proving the probability of loss by a preponderance of the evidence as in other cases."

■ The undisputed evidence shows that the parents incurred expenses of $350 for doctors, $522 for hospital, and $580.30 for funeral expenses or a total of $1,452.30, as the result of the injuries to and the death of John Michael Lanning.[1] After deducting these amounts from the award there remains only a trifling sum for other damages resulting from wrongful death.

■ The evidence shows John Michael Lanning to have been an alert, healthy child of at least average intelligence and

---

1. Separate causes of action were not pleaded. SDC 1960 Supp. 33.0414-1 is a survival statute. The court instructed on these items as part of the injuries sustained as a result of the death, and we treat them as such in this opinion, although they might properly have been the subject of a separate cause of action. See Steckman v. Silver Moon, Inc., 77 S.D. 206, 90 N.W.2d 170.

a comfort and joy to his parents and to his brothers and sisters. He formed an integral part of the family unit which was disrupted by the wrongful act and neglect of the defendant according to the jury verdict. That his tragic death caused much grief and great heartache to the family appears from the evidence and is compatible with human nature. An award of slightly more than $500 to compensate for future pecuniary loss, mental shock and suffering, wounded feelings, grief and sorrow, loss of companionship and deprivation of society and love, in our opinion, is so shockingly low that it cannot be permitted to stand.

In Wallace v. City of Rock Island, 323 Ill.App. 639, 641, 642, 56 N.E.2d 636, 637, a verdict for $500 for the death of a thirteen year old boy was set aside as inadequate. In discussing this question the court said:

"Damages in cases of this character are incapable of determination by any fixed mathematical calculation or rule of certainty. From the very nature of the circumstances, there can be no exact rule of determining the value of services which a deceased child would have rendered, had death not intervened. So, we find that such damages as are assessed by the jury are peculiarly subject to the power and duty of the trial judge to consider same with a view to the bounds of reasonable probability. It might be said that this rule leaves much to be determined as to certainty, but it is not altogether a stranger to tort actions in general. Verdicts in personal injury suits * * * differ materially in cases where the circumstances are not dissimilar. * * * Nominal damages are such damages as are awarded in cases. where the alleged negligence is proved, but where there is either a failure of proof as to damages suffered or no damages resulted. The court is of the opinion the damages as fixed by the verdict in this case can not be considered other than nominal. Under the rule in this state, a parent, on the finding of negligence causing the death of a minor son, is entitled to a substantial verdict."

■ ■ The trial judge in his memorandum decision denying a new trial commented on the paltry jury award and said: "Since it is a question within the province of those twelve citizens it is not within the province of one man, the judge, to overrule that award". In cases where a new trial was sought on the ground that a verdict was excessive, this court has frequently accorded what may have been decisive weight to a trial court's approval of a verdict by overruling an application for a new trial. Tufty v. Sioux Transit Co., 70 S.D. 352, 17 N.W.2d 700; Weidner v. Lineback, 82 S.D. 8, 140 N.W.2d 597; Jorgenson v. Dronebarger, 82 S.D. 213, 143 N.W.2d 869. The same can be said in instances where it was claimed the verdict was inadequate and a motion for new trial was denied. State Highway Commission v. Madsen, 80 S.D. 121, 119 N.W.2d 924. Generally appellate courts are loath to hold that a trial court has abused its discretion either in granting or in denying a new trial. See cases collected in Annotation 14 A.L.R.2d 550 and also Jensen v. Miller, 80 S.D. 384, 124 N.W.2d 394. However, the application of this basic principle of appellate review presupposes the exercise of a judicial discretion. To rigidly and unalterably accept with finality a jury award of damages when it is attacked either as excessive or as inadequate is not exercising a judicial discretion.

The function of the trial judge in this area was well expressed in Butler v. Steck, 146 Conn. 114, 148 A.2d 246, where in a wrongful death action, a jury awarded $6,595.40 (special damages were $1,595.40) to parents of a 24 year old son, and the trial judge granted a new trial on the basis of inadequate damages:

"The trial by jury, however, is a trial in the presence and under the supervision of a judge empowered to instruct the jury on the law and to advise them on the facts, and, except on an acquittal of a criminal charge, to set aside their verdict, if it is, in his opinion, against the law or the evidence. Howe v. Raymond, 74 Conn. 68, 71, 49 A. 854, 855. 'In passing upon a motion to set aside a verdict, the trial judge must do just what every juror ought to do in arriving at a verdict. The juror must use all his

experience; his knowledge of human nature; his knowledge of human events, past and present; his knowledge of the motives which influence and control human action, and test the evidence in the case according to such knowledge, and render his verdict accordingly. * * * The trial judge in considering the verdict must do the same * * * and if, in the exercise of all his knowledge from this source, he finds this verdict to be so clearly against the weight of the evidence in the case as to indicate that the jury did not correctly apply the law to the facts in evidence in the case, or were governed by ignorance, prejudice, corruption, or partiality, then it is his duty to set aside that verdict and to grant a new trial.' * * * The trial judge has a broad legal discretion and his action will not be disturbed unless there is a clear abuse."

▉ In its instruction on damages, to which there was no exception, the trial court permitted the jury to take into consideration in fixing damages the amounts expended for medical and funeral expenses, and also to compensate for grief, anguish, and mental suffering, loss of companionship and society, and future services, and permitted the jury to offset against these factors of loss the parents' cost to support and educate the child had he lived.[2] Even according the verdict the benefit to which it is entitled by virtue of this instruction, we are of the opinion that the award is still grossly inadequate. To say that the loss sustained and the injuries suffered by parents and next of kin through the death of a five year old child reduced to dollars is only $500 above what it costs to support and educate such child is not consonant with the American concept of human values and sense of justice. See Wycko v. Gnodtke, 361 Mich. 331, 105 N.W.2d 118.

In Corman v. Weg Dial Telephone, Inc., 194 Kan. 783, 402 P.2d 112, under a statute allowing great latitude in fixing dam-

2. We need not pass on the propriety of this instruction since no exception was taken and it became the law of the case. However, we entertain serious doubt as to its propriety. It is commonly used in states where the measure of damages is confined to pecuniary injury, Kogul v. Sonheim, 150 Colo. 316, 372 P.2d 731; Annotation 149 A.L.R. 235, 262, 263, but it may not be proper under the present "all injury" standard in fixing damages.

ages in wrongful death cases, similar in scope to the rule in this state, a jury awarded $1,500 to parents for the wrongful death of their 18 month old child. The trial court denied a new trial. In reversing the court said:

> "Thus, today, in passing upon the adequacy of an award to a parent for the death of his child, not only must pecuniary loss be taken into account, but consideration must be given also to those intangibles of grief, anguish, suffering, etc., listed in the present act. While these elements of damage are nebulous and impossible to equate satisfactorily with money, they nonetheless are very real and onerous to a bereaved parent, often far outweighing in severity and permanent effect the pecuniary loss involved. Particularly would this be true where the child was a beloved member of the family, as is indicated by the record here. We entertain no doubt that the jury's verdict of $1,500.00 is inadequate. * * * Conceding that no monetary price tag can aptly measure the worth of the gift of life, and that cold cash can never fill the aching void left by death, we nonetheless are forced to conclude that $900.00 is absurdly insufficient recompense for the loss these parents sustained."

The trial court also instructed on contributory negligence and comparative negligence, and the duty of children to use ordinary care commensurate with their age. The jury was instructed that plaintiff could recover if the contributory negligence of the child was slight in comparison with the negligence of the defendant, but if the child's negligence was more than slight, plaintiff could not recover. Our comparative negligence statute is now contained in Ch. 149, Laws of 1964, and recovery is permitted in a case where the plaintiff's contributory negligence is slight in comparison with the negligence of the defendant, but "the damages shall be reduced in proportion to the amount of plaintiff's contributory negligence". The instructions of the court contained nothing with reference to the jury reducing the award if it found slight contributory negligence on the part of the child. Consequently, we need not determine

whether the low verdict is justified under the comparative negligence statute.

 The evidence on liability was sharply disputed and it may be surmised that the jury encountered difficulty in arriving at a verdict on the issue of liability. There is some indication that it may have been the result of a compromise. However, having found liability the jury was duty bound to assess damages in accordance with the evidence presented, guided by the instructions of the court. Zielinski v. Harris, 289 Mich. 381, 286 N.W. 654. If the jury allowed the issue of liability to control the amount of the award they are palpably mistaken in applying the rules of law.[3] Hanisch v. Body, 77 S.D. 265, 90 N.W.2d 924; Corman v. Weg Dial Telephone, Inc., supra.

While we are reluctant to disturb an order which denied a new trial, we believe that in the present case the trial court erred when it refused plaintiff's application for a new trial.

The judgment is reversed.

All the Judges concur.

BANDY, Circuit Judge, sitting for RENTTO, J., disqualified.

FOSHEIM, Circuit Judge, sitting for BIEGELMEIER, J., disqualified.

---

3. Of course in this state the question of liability may affect the award in a case where the law on comparative negligence applies and the jury is properly instructed thereon.