Rodney FRIES, Special Administrator of the Estate of Linda Fries, Deceased,

v.

Ralph STIEBEN, Kathleen Halley, and the Chicago and Northwestern Transportation Company.

No. CIV 77–5019.

United States District Court, D. South Dakota.

Sept. 13, 1978.

David P. Olson, Rapid City, S. D., for plaintiff.

Arlo D. Sommervold, Sioux Falls, S. D., Donald R. Shultz, Rapid City, S. D., for defendants.

## MEMORANDUM OPINION

BOGUE, District Judge.

Defendants, Ralph A. Stieben and the Chicago and Northwestern Transportation Company, have moved this Court for a judgment on the pleadings or in the alternative partial summary judgment as to Plaintiff's second cause of action on the grounds that the damages alleged in that cause of action (survival action) are recoverable under Plaintiff's first cause of action (wrongful death). Defendants argue that if summary judgment or judgment on the pleadings is not granted Plaintiff may receive a double recovery.

The basic procedural and substantive facts on which this Court made its ruling are as follows. Rodney Fries, Special Administrator of the Estate of Linda Fries, is suing Ralph Stieben and the Chicago and Northwestern Transportation Company under two causes of action. The first cause of action is brought pursuant to and in accordance with Chapter 21–5 of the South Dakota Compiled Laws (wrongful death) for the death of Linda Fries, by her father, Rodney Fries, Special Administrator of his daughter's estate. The second cause of action is brought pursuant to S.D.C.L. 15–4 (survival action). Plaintiff prays for judgment against the Defendants either jointly or severally for a sum of Three Hundred Thousand Dollars ($300,000) compensatory damages and Three Hundred Thousand Dollars ($300,000) punitive damages on each cause of action.

## I.

This Court must address two issues of law in order to determine the propriety of the Motion for Judgment on the pleadings or in the alternative partial Summary Judgment. The first issue is whether the Defendants are entitled to judgment as a matter of law as to the second case of action, specifically because the allegations in the second case of action relating to future earnings are already before the Court in the first cause of action (the wrongful death action).

This question of law has been well briefed by both sides. The Court has attempted to determine whether, if the second cause of action remains intact, a double recovery of future earnings will result. The case of *McCleod v. Tri-State Milling Company,* 71 S.D. 362, 24 N.W.2d 485 (1946), is particularly helpful. The Plaintiff argues that this case stands for the proposition that loss of inheritance is not recoverable as a "pecuniary loss" under the South Dakota wrongful death statute. The *McCleod* case does not stand for that proposition. The Court in *McCleod, supra,* states the South Dakota law:

> This Court has taken the liberal view and held that earnings or probable contributions of a child beyond minority may properly be considered in an action for wrongful death. *McCleod, supra,* at 492.

Prospective earnings according to the Supreme Court in *McCleod, supra,* are considered in determining damages in a wrongful death action. The Supreme Court did reverse the trial court's instruction to the jury. This reversal, however, was not because the Court mentioned future earnings but because it instructed the jury to take into consideration "all the probable or even *possible* pecuniary benefits which might accrue . . .." *McCleod, supra,* at 491. (Emphasis added.) The Supreme Court correctly stated that such a verdict should be

based on more than a mere possibility. It should be based on a reasonable expectation as disclosed by all the circumstances of the case.

This Court, four years ago in *Snodgrass v. Nelson,* 394 F.Supp. 1206 (D.C.S.D.1974), permitted testimony as to the decedent's future earning capacity in arriving at the correct amount of damages in a wrongful death action. That decision was affirmed by the Eighth Circuit Court of Appeals. *Snodgrass v. Nelson,* 503 F.2d 94 (8th Cir. 1974).

South Dakota's pattern jury instructions also provide that future earnings are to be considered when assessing damages in a wrongful death action.

> In determining pecuniary loss, you may consider what benefits . . . the (next-of-kin) might have reasonably expected to receive from the decedent had he lived, bearing in mind the following: . . . 6. The decedent's likely future earnings . . .. South Dakota Pattern Jury Instruction 31.01.

The pattern jury instructions are, as Plaintiff's attorney suggested, discretionary. This Court, however, has previously used this instruction, and the Eighth Circuit Court of Appeals has affirmed this Court's use of South Dakota Pattern Jury Instruction 31.01 in *Halvorson v. Dunlap,* 495 F.2d 817 (8th Cir. 1974).

South Dakota Supreme Court approved the use of South Dakota Pattern Jury Instruction 31.02 in *Anderson v. Lale,* 216 N.W.2d 152, 159 (S.D.1974). Pattern jury instruction 31.02 is very similar to pattern jury instruction 31.01 with the exception that instruction 31.02 applies to the wrongful death of a *child* while instruction 31.01 applies to the wrongful death of an *adult.* In particular, pattern jury instruction 31.02 contains the following language:

> In determining pecuniary loss to the (next-of-kin) you may consider what benefits of pecuniary value including money . . . the (next-of-kin) might reasonably have expected to receive from the decedent had he lived.

That particular instruction also states that the life expectancy of the decedent, as well as his earning capacity, may be considered upon the question of pecuniary loss to the heirs. Thus, both pattern jury instructions 31.01 and 31.02 provide for and allow consideration of the decedent's likely future earnings in wrongful death actions.

Since South Dakota's wrongful death laws provide for consideration of the decedent's future earnings in determining damages, a possibility of double recovery exists if this Court permits the jury to consider future earnings in the survival action. The Nebraska Supreme Court, in the case of *Hindmarsh v. Sulpho Saline Bath Company,* 108 Neb. 168, 187 N.W. 806 (1922), addressed this issue of double recovery when faced with both a survival (revival) action and a wrongful death action. That Court concluded:

> Before his death (the decedent) had a right to recover the total loss of earnings, based upon his full expectancy of life; but when death occurred the actual duration and period of his life became definite and fixed and no longer open to question, and, having left a widow and next of kin, a new cause of action sprang up in their favor, entitling them to recover . . . a portion of the total loss which has grown out of the extinguishment of the deceased's earning capacity. Obviously, a recovery of that same portion of the given loss cannot be awarded at the same time to statutory beneficiaries and to the estate as well, without resulting in a double payment by the defendant of a single loss. *Kindmarsh, supra,* at 808.

In Nebraska, the Supreme Court also succinctly stated the relationship between a survival action and a wrongful death action arising out of the same incident.

> In the . . . (survival) action the personal representative may recover damages for pain and suffering . . . for the expenses incurred . . . and *he may recover the loss of earnings,* which are sustained by the injured party, *during his lifetime* as a result of the injuries. But in the . . . (wrongful death

action) recovery must be measured by the pecuniary loss suffered by those beneficiaries by being deprived of *what they would have received from the earnings of the injured party from the date of his death,* had he lived out his full expectancy. *Hindmarsh, supra,* at 809. (Emphasis added.)

This analysis by the Nebraska Supreme Court of the relationship between the survival action and the wrongful death action prevents any possibility of a double recovery. Instructing a jury to consider the "future earnings" that they awarded in the wrongful death cause of action in arriving at the damages in the survival action can be confusing to the jury and could possibly lead to a double recovery. In order to prevent this confusion and possible double recovery this Court is granting the Defendant's Motion for Judgment on the pleadings as to the second cause of action relating to loss of decedent's future earnings.

## II.

The second issue presented is whether funeral expenses are recoverable in the Plaintiff's survival action. Defendants argue that since funeral expenses are recoverable as a pecuniary loss in the wrongful death cause of action they should not also be presented to the jury in the survival action.

S.D.C.L. 21-5-7 states:

In every action for wrongful death the jury may give such damages as they may think proportionate to the *pecuniary injury resulting from such death* to the persons respectively for whose benefit such action shall be brought. (Emphasis added.)

Funeral expenses are certainly damages of a pecuniary nature which have resulted from the decedent's wrongful death. The South Dakota case of *Lanning v. Schulte,* 82 S.D. 528, 149 N.W.2d 765 (1967), supports the contention that funeral expenses are recoverable in a wrongful death action. The Supreme Court, in a footnote from the case of *Lanning v. Schulte, supra,* a wrongful death action, indicated that dollars spent for a doctor, hospital and funeral "might properly have been the subject of a separate cause of action." *Lanning v. Schulte, supra,* at 767, footnote 1. This statement does not indicate that funeral expenses are not recoverable in a wrongful death action. The statement merely points out that funeral expenses could be recovered in other actions. This Court wishes to prevent any possible double recovery. As long as the Plaintiff is able to recover damages for funeral expenses under the wrongful death action it is unnecessary for the jury to consider whether he should recover those same damages in a survival action. In order to prevent a possible double recovery this Court is granting the Defendant's Motion for Judgment on the pleadings as to the second cause of action relating to funeral expenses.

Plaintiff, in this instance, has no right to recover future earnings and funeral expenses resulting from the death of Linda Fries in both the wrongful death action and the survival action. Therefore, this Court finds the moving party is entitled to judgment as a matter of law as to the Plaintiff's second cause of action relating to future earnings and funeral expenses.