Yvonne R. KRUMM and Laddie S. Mach, Co–Executors of the Estate of Michael H. Weber, Deceased, Plaintiffs and Appellants,

v.

Glenn D. FEUERHELM, Defendant and Appellee.

Yvonne R. KRUMM and Laddie S. Mach, Co–Executors of the Estate of Helen E. Weber, Deceased, Plaintiffs and Appellants,

v.

Glenn D. FEUERHELM, Defendant and Appellee.

David D. GROSS, Executor of the Estate of Alice L. Mechtenberg, Deceased, Plaintiff and Appellant,

v.

Glenn D. FEUERHELM, Defendant and Appellee.

No. 12977.

Supreme Court of South Dakota.

Argued Sept. 11, 1980.

Decided Nov. 5, 1980.

Rehearing Denied Dec. 8, 1980.

Steven M. Johnson of Brady, Kabeiseman, Reade, Abbott & Johnson, Yankton, for plaintiffs and appellants.

Craig A. Kennedy of Doyle, Bierle & Porter, Yankton, for defendant and appellee.

HEEGE, Circuit Judge.

This action arises out of an automobile accident that occurred on August 13, 1978, in Hutchinson County, South Dakota.

As a result of the accident, Helen E. Weber died instantly; Helen's husband, Michael H. Weber, was dead on arrival at the Freeman Hospital more than an hour after the accident; Alice L. Mechtenberg died approximately four and one-half hours later at Sioux Valley Hospital in Sioux Falls.

At the times of their respective deaths, Helen E. Weber was sixty-five years of age; Michael H. Weber was seventy-two; and Alice L. Mechtenberg was seventy-two. All were in normal health.

Actions were commenced by the representatives of each decedent's estate for (1) wrongful death, (2) conscious pain and suffering and medical expenses in the Michael H. Weber and Alice L. Mechtenberg cases, and (3) car damage to the Alice L. Mechtenberg estate.

The cases and the claims were consolidated for trial.

Defendant admitted his negligence and legal liability for the deaths and injuries, and the jury was instructed that only the issue of damages was before them.

Using specially prepared verdict forms, the jury returned separate verdicts as follows:

1. For the co-executors of the estate of Helen E. Weber in the total sum of $6,081 allocated to reasonable funeral expenses of $2,581 and loss of decedent's society, companionship, aid and counsel to her surviving brothers, sisters, nephews and nieces of $3,500.

2. For the co-executors of the estate of Michael H. Weber in the total sum of $9,055 allocated to reasonable funeral expenses of $2,555; conscious pain and suffering of $500; and loss of society, companionship, aid and counsel to Michael's surviving children of $6,000.

3. For the executor of the estate of Alice L. Mechtenberg in the total sum of $7,875 allocated to reasonable medical expenses of $1,210; reasonable funeral expenses of $2,465; conscious pain and suffering of $1,000; loss of society, companionship, aid and counsel to her surviving brothers and sister of $3,000; and damage to the 1966 Plymouth automobile, $200.

Plaintiffs moved for new trial, claiming inadequacy of the awards and errors at law.

The trial court denied plaintiffs' motions for new trial. We affirm.

A discussion of the claimed errors at law would best set the stage for considering the claim of inadequate awards.

I.

The trial court instructed the jury to insert in its verdict for the Alice L. Mechtenberg estate the sum of $635, which was stipulated to be the amount of the loss to the Mechtenberg 1966 Plymouth automobile. Instead, the jury inserted in the blank following the phrase "Damage to the 1966 Plymouth automobile" the sum of $200.

The trial court viewed this as a clerical error and corrected the Mechtenberg verdict at the hearing on plaintiff Gross' motion for new trial. Plaintiff Gross complains that this was an unauthorized "additur."

■ This verdict increase is not technically the "additur" struck down in *Dimick v. Schiedt*, 293 U.S. 474, 55 S.Ct. 296, 79 L.Ed. 603 (1935). Although a trial court generally may not substitute its judgment by increasing a jury verdict, *State Highway Commission v. Bloom*, 77 S.D. 452, 468, 93 N.W.2d 572, 581 (1958), citing S.D.Const. art. VI, § 6, a well-recognized exception permits amendment of the verdict where the trial judge has instructed a verdict for a certain sum, since no issue of fact is before the jury. See, e. g., *Allison v. Mountjoy*, 383 S.W.2d 314, 320 (Mo.App.1964).[1] It would also seem that given the trial court's instruction to the jury, plaintiff Gross could not claim prejudice by the verdict increase. See *Walters v. Gilham*, 52 S.D. 83, 85, 216 N.W. 854, 855-56 (1927).

## II.

■ Plaintiffs claim as error the admission into evidence of excerpts from the Federal Register that were not certified copies.

We believe the excerpts were admissible over the foundational objections under SDCL 19-17-6 (Rule 902(5) of the South Dakota Rules of Evidence) and find no error in the trial court's ruling admitting the excerpts into evidence.

## III.

■ Plaintiffs next complain that government income guidelines for poverty programs were irrelevant to the issues in this case and that, therefore, the trial court erred by allowing defendant to introduce them for the purpose of cross examining plaintiffs' expert witness.

Plaintiffs called as an expert an economist, who attempted to reconstruct the "pecuniary loss" sustained by the beneficiaries.[2] The economist testified that the majority of the data which he used for his calculations and opinions was derived from publications of various federal agencies. Consequently, cross-examination was authorized based on other similar federal publications, which included the poverty guidelines.

## IV.

■ Plaintiffs complain that the trial court erred in refusing to admit photographs of the damaged vehicle and a photograph of one of the decedents within that vehicle.

The trial court refused these exhibits on the basis that their probative value was outweighed by their possible prejudicial effect. SDCL 19 12 3 (Rule 403 of the South Dakota Rules of Evidence). We agree.

## V.

■ Defendant was permitted to testify concerning his occupation and his family background, which appear to us to be irrelevant to the issues. Defendant also was permitted to state that he did not remember what happened nor did he remember seeing anything at the scene of the accident. This may have had the effect of "watering down" defendant's admission of liability and should not have been allowed.

We feel the trial court would have been better advised had it prevented defendant from testifying at the trial.

Nonetheless, we defer to the discretionary judgment of the trial court that defendant's testimony did not in fact affect the ultimate decision. *Brewer v. Mattern*, 85 S.D. 356, 182 N.W.2d 327 (1970).[3]

---

1. The Missouri court notes, however, that the better practice is for the trial court to correct its own verdict immediately following the return of the verdict into court. *Allison v. Mountjoy*, supra, 383 S.W.2d at 321.

2. Nothing contained in this opinion should be construed as expressing an opinion on the propriety of permitting an economist to testify as in this case. That question was not raised and resolution of it is unnecessary to the decision in this case.

3. In *Brewer*, supra, the Court made the following observation:
   The trial judge in passing upon the reasonableness of the jury verdict has had the benefit of not only hearing and observing the same things as the jury, but also has had the opportunity to observe the jury itself for signs of passion and prejudice, in addition to

## VI.

■ Plaintiffs complain that under these circumstances the trial court should have granted a continuance to permit testimony rebutting defendant's claim that he lacked memory of the events. Such testimony would appear to relate to a collateral issue, at best, and we believe the trial court properly limited this proof, as the court is permitted to do under SDCL 19–12–3 (Rule 403 of the South Dakota Rules of Evidence).

## VII.

■ The following instructions were given to the jury over objection by plaintiffs:

### INSTRUCTION 15

The law does not permit you, and you must not award the next-of-kin of any of the plaintiffs, any sum for the sorrow, mental distress and grief that they may have suffered by reason of the death of decedents.

### INSTRUCTION 21

When an injured person is killed instantly, or dies without regaining consciousness, damages cannot be awarded for pain and suffering.

### INSTRUCTION 22

You are instructed that you should not award any damages for any pain or suffering sustained by a decedent unless you find as a fact that a decedent actually suffered conscious pain or suffering by reason of personal injuries.

### INSTRUCTION 23

If you should find that the medical testimony shows only that Michael Weber and Alice Mechtenberg might have conscious-

ly experienced pain, or possibly experienced conscious pain as a result of their injuries, and if you should find the probabilities of conscious pain and suffering are equal, then plaintiffs will have failed their burden of proof and you should find for the defendant on that issue.

As to Instruction 15, plaintiffs claim that although it is a correct statement of the law relating to wrongful death actions, it is confusing because the jury could have interpreted the instruction as controlling the conscious pain and suffering claim as well.

As to Instruction 21, plaintiffs claim that the effect of the instruction was to raise a false issue as to the recoverability of damages for pain and suffering by the Alice L. Mechtenberg and the Michael H. Weber estates, thereby misleading the jury.

As to Instruction 22 and Instruction 23, it is claimed that these instructions impose an improper burden of proof on the plaintiffs with respect to the conscious pain and suffering claims.

These instructions appear to be proper in this case and are approved for use in similar actions when supported by the evidence.[4]

■ Moreover, the jury did in each instance make an award for conscious pain and suffering of each decedent who survived, demonstrating that the jury was not misled and that plaintiffs did in fact carry the burden placed on them by the trial court's instruction. We do not feel that the estate of Michael H. Weber, which received an award of $500 for not more than an hour of suffering, nor the estate of Alice L. Mechtenberg, which received an award of $1,000 for not more than five hours' suffering, were prejudiced by the instructions or that such awards were grossly inadequate.

## VIII.

■ In each instance the jury reduced the amount awarded for reasonable funeral

considering the amount of the verdict. *Weidner v. Lineback*, 82 S.D. 8, 140 N.W.2d 597. 85 S.D. at 366, 182 N.W.2d at 333.

4. Although plaintiffs correctly note that the trial court in *Plank v. Heirigs*, 83 S.D. 173, 156 N.W.2d 193 (1968), refused to give an instruction virtually identical to Instruction 22 and

was upheld on appeal, this Court's affirmance in *Plank* was based upon the finding that the trial court's own instruction was ample and proper, not upon the impropriety of the proposed instruction. Id. at 185–86, 156 N.W.2d at 200–01.

expense from those charges included in copies of statements submitted by the funeral directors and admitted into evidence on a stipulation that if the funeral directors were present in court they would have testified that the charges contained in the bills were fair and reasonable.

Because the funeral bills themselves were not stipulated to as reasonable, unlike the Mechtenberg automobile loss, there was an issue of fact to be resolved by the jury. Reductions in each instance were not substantial and not such as would indicate any passion or prejudice nor shock the sensibilities of this Court.

## IX.

Finally, we reach the most difficult of the questions presented–whether a new trial should be granted for inadequacy of the verdicts.

In the Michael H. Weber death case the jury awarded $6,000 to his twelve adult, emancipated children for the loss of society, companionship, aid and counsel of their seventy–two–year–old father.

In the Helen E. Weber death claim the jury awarded $3,500 to the seven surviving brothers and sisters and the seven nephews and nieces for the loss of the society, companionship, aid and counsel of their sixty five–year–old sister and aunt.

In the Alice D. Mechtenberg death claim the jury awarded $3,000 to the three surviving brothers and sister for the loss of their seventy–two–year–old sister's society, companionship, aid and counsel.

In each instance the evidence was uncontroverted that the decedents were in reasonably good health prior to the accident and did in fact give counsel, advice, aid and companionship to the survivors.

The trial court concluded that the awards were not such as to manifestly show that the jury had been actuated by passion, partiality, prejudice or corruption. Although this Court feels that the verdicts evidence a measure of perverseness and a conservative attitude, this is not a standard for reversal. *Nelson v. Rahman*, 88 S.D. 325, 219 N.W.2d 474 (1974).[5] We defer to the trial court, who had an opportunity to observe the jury, in addition to considering the amount of the verdict, and whose discretion does not appear to have been abused. *Ehlers v. Chrysler Motor Corporation*, 88 S.D. 612, 226 N.W.2d 157 (1975); *Nelson v. Rahman*, supra; *Brewer v. Mattern*, supra.

In reviewing the sufficiency of these awards, we must also consider principles announced by this Court in *Lanning v. Schulte*, 82 S.D. 528, 149 N.W.2d 765 (1967). It is there stated that in cases where liability is established (in this case liability was admitted) "the jury was duty bound to assess damages in accordance with the evidence presented, guided by the instructions of the court." Id. at 537, 149 N.W.2d at 770.

In reviewing the awards pursuant to plaintiffs' claim that the evidence is insufficient to support the verdicts, we are not restricted nor limited by the trial court's unique position to judge whether the verdicts resulted from passion or prejudice. Rather, we approve the enlightened principles stated in *Lanning v. Schulte*, supra, and intend to continue to review verdicts claimed to be inadequate on that basis.

The fact that the jury awarded only $200 for the damage to the automobile rather than the $635 which the trial court instruct-

---

5. As the Court observed in *Nelson*, "[w]hen considering plaintiff's argument that the damages awarded are insufficient, the court must bear in mind that, similar to the review of an award claimed excessive, the difference between the trial judge's award or a jury 'verdict and what the members of this court would allow is not the measure' of either. *Weidner v. Lineback*, 82 S.D. 8, 140 N.W.2d 597." The *Nelson* court, again borrowing from *Weidner*, also noted the test for reviewing a claim of inadequacy of the verdict:

The damages, therefore, must be so excessive as to strike mankind, at first blush, as being, beyond all measure, unreasonable and outrageous, and such as manifestly show the jury to have been actuated by passion, partiality, prejudice or corruption.

88 S.D. at 328, 219 N.W.2d at 475–76.

ed indicates that the jury misapprehended or arbitrarily disregarded the trial court's instructions on this particular item.

The fact that the jury reduced the award for funeral expense incurred indicates that they did not accept this evidence.

■ We do not feel that these circumstances taint the verdicts or that these verdicts for conscious pain and suffering and for loss of society, companionship, aid and counsel are contrary to the evidence presented or in disregard of the instructions of the court.

We affirm the trial court's decision to deny plaintiffs a new trial.

### X.

■ By way of notice of review filed pursuant to SDCL 15–26A–22, defendant contends that the trial court erred in denying his several motions that challenged the standing of the next of kin of Helen E. Weber. We do not reach the merits of this contention, for we conclude that that issue was not properly raised in the trial court.

The judgments are affirmed.

WOLLMAN, C. J., and DUNN, J., concur.

HENDERSON and FOSHEIM, JJ., dissent.

HEEGE, Circuit Judge, sitting for MORGAN, J., disqualified.

FOSHEIM, Justice (dissenting).

The majority concedes that it was error, in view of defendant's admission of liability, to allow defendant's testimony concerning his occupation, family background, and lack of memory. Such matters were completely irrelevant, and the failure to allow plaintiffs to rebut any of that testimony rendered the admitted error prejudicial.

Furthermore, as the majority opinion notes, where liability is established, as it was here, "the jury was duty bound to assess damages in accordance with evidence presented, guided by the instructions of the court." *Lanning v. Schulte*, 82 S.D. 528, 149 N.W.2d 765 (1967). The jury's total disregard for the court's instructions with respect to vehicle damage and its unwarranted disregard for the undisputed evidence on funeral expenses demonstrates that the verdicts were clearly contrary to the evidence and instructions and were, therefore, tainted.

Accordingly, I dissent.

I am authorized to state that HENDERSON, Justice, joins in this dissent.